**KUN LING CHEN, Petitioner,**

v.

**US DEPARTMENT OF JUSTICE,**
**Attorney General & Imm.,**
**Respondents.**

**No. 05–6739–ag.**

United States Court of Appeals,
Second Circuit.

Sept. 15, 2006.

Kun Ling Chen, pro se, New York, New York, for Petitioner.

R. Alexander Acosta, Southern District of Florida; Anne R. Schultz, Chief, Appellate Division; Carol Herman, Emily M. Smachetti, United States Attorneys, Miami, Florida, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Kun Ling Chen, a native and citizen of the People's Republic of·China, seeks review of a December 1, 2005 order of the BIA affirming the January 20, 2004 decision of Immigration Judge ("IJ") Sandy K. Hom denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Kun Ling Chen,* No. A 78 716 970 (B.I.A. Dec. 1, 2005), *aff'g* No. A 78 716 970 (Immig. Ct. N.Y. City Jan. 20, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). While the courts retain jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review consti-

tutional claims and "questions of law," the Court need not reach the IJ's pretermission of the asylum application in the present case as untimely because substantial evidence supports the alternative adverse credibility determination on the merits.

The IJ reasonably relied on Chen's demeanor as a basis for his finding. In doing so, he noted that Chen appeared "robotic" when pressed for details on cross examination, gave "repetitive" answers that she had provided on direct examination, and gave an overall impression that she was "testifying from a rehearsed script rather than from traumatic life experiences of being coercively treated." Because the IJ was in the best position to discern the more accurate impression conveyed by Chen, he is afforded particular deference on this finding. See Zhou Yun Zhang, 386 F.3d at 73–74.

Moreover, the IJ accurately observed that Chen's witness provided testimony that was inconsistent with her own account of salient events relating to her marriage. The record reflects that while Chen testified specifically that she and her husband were married at the "Elder's Association," close to her husband's village, "outside" in the "village area," her witness testified that Chen's wedding took place in "LangQui, at [his] brother-in-law's home." This was a dramatic inconsistency upon which the IJ was permitted to rely without first soliciting an explanation from the applicant. See Majidi v. Gonzales, 430 F.3d 77, 81 (2d Cir.2005). Further, it was material to her claim that she was married to a man with whom she shared a son. See Secaida–Rosales v. INS, 331 F.3d 297, 308 (2d Cir.2003).

Additionally, the IJ accurately observed that the record contained other material inconsistencies. While Chen indicated in her application that the IUD was inserted one month after the birth of her son in March 1990, she testified that it was inserted two months after the birth of her son. Similarly, Chen testified that a midwife removed her first IUD, but stated in her written application that a "private doctor" had removed it. In addition, Chen testified that the cadres required her to report for an IUD checkup at the end of December 1990, but stated in her written application that the cadres required her to report for an IUD checkup in January 1991. These inconsistencies were minor, however, "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, . . . the cumulative effect may nevertheless be deemed consequential by the fact-finder." Tu Lin v. Gonzales, 446 F.3d 395, 402 (2d Cir.2006) (internal citations omitted); see also Liang Chen v. U.S. Att'y Gen., 454 F.3d 103 (2d Cir.2006) ("[A]n IJ need not consider the centrality vel non of each individual discrepancy or omission" and can instead "rely upon the cumulative impact of such inconsistencies, and may conduct an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence.").

Although we also note errors in the BIA's and IJ's determinations, remand would be futile in this case because the determinations are adequately supported by the above non-erroneous findings and we can confidently predict that those non-erroneous findings would lead the agency to reach the same decision were the case remanded. See Xiao Ji Chen, 434 F.3d at 161–62. Because the only evidence of a threat to Chen's life or freedom or a risk of torture depended upon her credibility with respect to her family planning claim, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal and relief under the CAT. See Paul v. Gon-

*zales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005); cf. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 184–85 (2d Cir.2004) (holding that the agency may not deny a CAT claim solely on the basis of an adverse credibility finding made in the asylum context, where the CAT claim did not turn upon credibility).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).